IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3G LICENSING, S.A., and ORANGE S.A., <br><br> Plaintiffs, <br><br> v. <br><br> BLACKBERRY LIMITED and BLACKBERRY CORPORATION, <br><br> Defendants. | C.A. No. 17-82-LPS |

## MEMORANDUM ORDER

At Wilmington this **16th** day of **February, 2021**:

WHEREAS, on September 29, 2020, the Court issued a Memorandum Opinion (D.I. 323) and Order (D.I. 324) granting in part and denying in part Plaintiffs 3G Licensing, S.A. ("3G") and Orange S.A.'s ("Orange") (collectively, "Plaintiffs") motion for partial summary judgment (D.I. 267) and granting in part and denying in part Defendants BlackBerry Limited and BlackBerry Corporation's (collectively, "BlackBerry") motion for summary judgment (D.I. 272);

WHEREAS, in particular, the Court denied BlackBerry's motion for summary judgment of no pre-suit damages because (among other reasons) BlackBerry's purported evidence that several Apple products were unmarked was not produced in a timely manner (D.I. 323 at 17-18);

WHEREAS, on October 13, 2020, BlackBerry filed a motion for reargument regarding this portion of the summary judgment order and the Court's related exclusion of evidence (*see* D.I. 329);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, having considered the

1

relevant filings and related materials (*see, e.g.*, D.I. 329, 333), BlackBerry's motion (D.I. 329) is **DENIED**.

1. "Pursuant to Local Rule 7.1.5, a motion for reconsideration or reargument should be granted only 'sparingly.'" *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 2015 WL 1883960, at *1 (D. Del. Apr. 24, 2015). The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are typically granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is also not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

2. A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. BlackBerry contends that the Court committed a clear error that needs to be

corrected in order to prevent manifest injustice. (*See* D.I. 329 at 3) Specifically, BlackBerry contends that "the Court misapprehended the evidentiary record with respect to BlackBerry" by failing to recognize that BlackBerry's discovery disclosures with respect to unmarked products were materially different from that of other Defendants[1] – and, purportedly, were sufficient to meet its obligations under *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). (*Id.* at 1-5) The Court disagrees.

4. BlackBerry's May 24, 2019 response to Plaintiffs' marking interrogatory did not identify "specific unmarked products which the alleged infringer believes practice the patent," as *Arctic Cat* requires. 876 F.3d at 1368. Instead, that response merely "identified the Apple License (KPN00103266), which licenses Apple products compliant with WCDMA standards and the deposition of Orange's 30(b)(6) designee regarding the Apple License." (D.I. 329 at 4; *see also* Ex. BQ at 44) Moreover, the May 2019 response was provided on the last day of fact discovery, leaving Plaintiffs with no meaningful opportunity to conduct responsive discovery to attempt to meet their obligation under *Arctic Cat*'s burden shifting framework. Contrary to BlackBerry's suggestion (*see* D.I. 329 at 4), it was not Plaintiffs' burden (at that already late date) to press BlackBerry for more specificity or intuit from a deposition transcript which specific products BlackBerry thought it was disclosing. BlackBerry, as the alleged infringer, bears the initial burden of production, *see Arctic Cat*, 876 F.3d at 1368, and it failed to timely meet that burden. (*See* D.I. 333 at 5) ("[BlackBerry] now has to argue that Plaintiffs should have *inferred* what those specific products were from BlackBerry's reference to the Apple license and Mr. Thirard's testimony. That is not the standard.")

---

[1] "Defendants" are, in addition to BlackBerry, HTC Corporation, Lenovo Holding Co., Inc., Lenovo (United States) Inc., and Motorola Mobility LLC. (D.I. 323 at 1)

3

5. Further, as the Court observed in its Opinion, it was not until "*after* fact discovery closed," in a July 2, 2019 supplemental interrogatory response, that BlackBerry identified specific products. (D.I. 323 at 17) (citing Ex. BI at 46) BlackBerry itself relied on this disclosure in its opening summary judgment brief (D.I. 273 at 31) (citing Ex. BI), and the Court did not overlook it.

6. Plaintiffs did not "expressly disclaim[] any right to evaluate products BlackBerry identified as unmarked in their response to [the] marking interrogatory." (D.I. 329 at 1-2) Instead, on January 25, 2019, Plaintiffs requested that BlackBerry supplement its interrogatory response prior to any depositions – which BlackBerry agreed to do and then failed to do. (*See* D.I. 333 at 6; D.I. 333 Ex. 1 at 1-2; *see also* Ex. BA at 35) As Plaintiffs write: "Tellingly, BlackBerry expressed no surprise at this request, **which would have served no purpose if BlackBerry actually thought Plaintiffs had disclaimed [their] right to evaluate such products.**" (D.I. 333 at 3) The record demonstrates Plaintiffs were prepared to attempt to meet their burden under *Arctic Cat* if or when BlackBerry timely met its initial burden, but BlackBerry did not do so in a timely manner.

7. BlackBerry also faults the Court for not undertaking a *Pennypack* analysis to support its statement that it was "not going to permit this untimely-produced evidence to be admitted." (D.I. 323 at 17; *see also id.* at 18 n.6) Because BlackBerry failed to meet its burden under the specifically-applicable framework of *Arctic Cat*, it was not necessary to fully explicate a *Pennypack* analysis. In any event, even after reviewing the parties' now fulsome briefing on the *Pennypack* factors, the Court continues to find these factors further support exclusion of BlackBerry's untimely evidence.[2]

---

[2] While BlackBerry's evidence is important, it was not timely produced, and Plaintiffs would be

4

8.      Additionally, as the Court further held in the Memorandum Opinion, a reasonable juror could find that the unmarked products do not practice the patents-in-suit because "a reasonable juror could find that Defendants have failed to prove the asserted patents are standard-essential." (D.I. 323 at 18) Nothing in BlackBerry's motion shows clear error in this basis for denying BlackBerry's motion for summary judgment of no damages.

9.      BlackBerry's contention that Plaintiffs failed to plead marking also provides no basis for the relief it seeks, for reasons including that BlackBerry has not shown Plaintiffs failed to meet the applicable pleading requirements. *See Lexos Media IP, LLC v. Jos. A. Bank Clothiers, Inc.*, 2018 WL 2684104, at *2 (D. Del. June 5, 2018), *report and recommendation adopted*, 2018 WL 4629184 (D. Del. Sept. 27, 2018) ("[I]f certain products are not yet rightly part of the case (because [the defendant] had not yet met its burden of production to specifically identify them), it stands to reason that [the plaintiff] would not have had to plead facts relating to those products.").

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

unfairly prejudiced if BlackBerry were permitted to satisfy its burden of production only after the close of fact discovery, leaving Plaintiffs with no meaningful opportunity to meet their burden. The only way to cure such prejudice would be to reopen discovery, potentially opening the door to more motions practice and another basis to delay trial. The prejudice from exclusion of the evidence (and elimination of its marking affirmative defense) is the result of BlackBerry's own delay, for which there is no persuasive explanation in the record.